**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| MYRAN L. LYDAY | : | DOCKET NO. 2:06-cv-1423 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| J. P. YOUNG, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Myran L. Lyday, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

By this petition, the petitioner challenges the decision of the Bureau of Prisons to place him in a halfway house for only the last 90-120 days of his criminal sentence. He claims that he is entitled to serve the last 6 months of his sentence in a halfway house and that he should be eligible for halfway house placement in October, 2006.

Petitioner admits in his petition that he did not present this claim to the Bureau of Prisons through the internal grievance procedure before filing this petition. He claims that he is not required to do so because the issue cannot be resolved through the grievance procedure and because the matter would be moot before the administrative process was completed.

## LAW AND ANALYSIS

The United States Court of Appeals, Fifth Circuit, has held that a petitioner seeking *habeas corpus* relief under 28 U.S.C. § 2241 is required to exhaust his administrative remedies. *Rourke v. Thompson*, 11 F.3d 47 (5th Cir. 1993). In *Rourke* the court stated:

> [T]his court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); see also *Lundy v. Osborn*, 555 F.2d 534, 534-535 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

In the present case, Petitioner admits that he has failed to exhaust administrative remedies prior to filing suit and asks that his failure be excused.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself by a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994), quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). However, the exceptions apply only in extraordinary cases, and the petitioner bears the burden of establishing his entitlement to one of these exceptions. Petitioner has failed to do so.

There is no question that there are administrative remedies available which are appropriate for the relief sought. The Bureau of Prisons[1] has promulgated rules and regulations through which an inmate may seek formal review of a complaint regarding any aspect of his imprisonment, including complaints regarding pre-release detention pursuant to 18 U.S.C. § 3624(c). *See* 28 C.F.R. § 542.10 et seq.; *United States v. Washington*, 2004 WL 764184 (E.D.La. 2004). Under the BOP's administrative remedy procedure, the prisoner must submit a formal written request to the Warden on the appropriate form (BP-9). *See* 28 CFR § 542.14. The intermediate appeal in the administrative process is to the Regional Director (BP-10), and the final appeal in the administrative process is to the Office of General Counsel (BP-11). *See* 28 C.F.R. § 542.15 ("Appeal to the Office of General Counsel is the final administrative appeal in the Bureau of Prisons"); *See also Shah v. Quinlin*, 901 F.2d 1241,

---

[1] In the administration of federal prisoners, primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General. 18 U.S.C. § § 4001 and 4042.

1243 (5th Cir. 1990)(outlining the administrative procedure).

Further, petitioner has failed to establish that presenting his claim through the administrative procedure would be futile. The BOP regulation which petitioner is challenging has recently been invalidated by the three appellate courts to consider the issue. *See Levine v. Apker*, 455 F.3d 71 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005). Thus, it is not clear that the BOP will categorically deny relief to the petitioner.

Accordingly,

IT IS RECOMMENDED that the petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 7, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE